AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Ramon HILARIO-GARCIA<br>and Cesario MORALES-PALACIO<br><br>_Defendant(s)_ | )<br>)<br>)<br>) Case No. 11-8295-LRJ<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 20, 2011__ in the county of __Palm Beach and elsewhere__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC § 841(a)(1); all in violation of 21 USC §§ 846 and 841(b)(1)(A) | Conspiracy to possess with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine |

This criminal complaint is based on these facts:

☒ Continued on the attached sheet.

_____
Complainant's signature

DEA Special Agent Devon M. Robinson
_Printed name and title_

Sworn to before me and signed in my presence,
via telephone. This Court finds probable cause.

Date: __07/22/2011__

_____
Judge's signature

City and state: __West Palm Beach, Florida__      Hon. Linnea R. Johnson, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT

Your Affiant, Devon M. Robinson, a Special Agent with the United States Drug Enforcement Administration ("DEA"), being duly sworn, states as follows:

1. I am a Special Agent with the DEA. As such, I am a "law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), who is empowered to conduct investigations and to make arrests for offenses enumerated in Title 21, United States Code.

2. Your affiant has been employed with the DEA since June, 2008. Your affiant has received training in different areas, including, drug identification and methods of drug trafficking. I have also been involved in investigations concerning the distribution of controlled substances.

3. The information contained in this affidavit is based on my own personal knowledge as well as information provided to me by a confidential source and other law enforcement officers. This affidavit is being submitted for the limited purpose of establishing probable cause to charge Cesario MORALES-PALACIO and Ramon HILARIO-GARCIA with conspiring to possess with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A). As such, this affidavit does not contain all the facts known to me relating to this investigation.

4. In July 2011, DEA Agents began receiving information from a DEA Confidential Source ("CS") regarding a Mexican male, known to the CS as "Cesar." The CS and "Cesar," who was later identified as Cesario MORALES-PALACIO, had conversations about doing drug transaction involving five ounces of methamphetamine for $5,000.

1

5. On July 20, 2011, there were several recorded telephone conversations between the CS and Cesario MORALES-PALACIO. The CS and Cesario MORALES-PALACIO decided to conduct the methamphetamine transaction at the parking lot of the Barnes and Noble located at 1400 Glades Road, Boca Raton, Florida. As part of this investigation it was decided that your affiant, acting in an undercover capacity, would pose as the buyer of the methamphetamine.

6. On July 20, 2011, at approximately 4:05 p.m., your affiant and the CS traveled in an undercover vehicle to the Barnes and Noble parking lot and parked on the northeast side of Barnes and Noble.

7. At approximately 4:15 p.m., Cesario MORALES-PALACIO arrived at the Barnes and Noble parking lot driving a red Chevrolet pickup truck. Agents also observed a second male, later identified as Lazaro MARTINEZ-ESCOLANTE, sitting in the front passenger seat of the pickup truck. Cesario MORALES-PALACIO exited the pickup truck carrying a cereal box. Cesario MORALES-PALACIO entered the undercover vehicle and sat in the front passenger seat. Cesario MORALES-PALACIO removed a plastic grocery bag from inside of the cereal box. Inside the plastic grocery bag were three clear plastic bags containing suspected methamphetamine. Cesario MORALES-PALACIO handed the three clear plastic bags containing the suspected methamphetamine to your affiant. As your affiant observed the suspected methamphetamine, Cesario MORALES-PALACIO told your affiant that there could be even more than five ounces there.

8. At approximately 4:20 p.m., the prearranged arrest signal was given and Cesario MORALES-PALACIO was taken into custody. A field test was performed on a portion of the methamphetamine which field tested positive for the presence of methamphetamine.

9. Following his arrest, Cesario MORALES-PALACIO agreed to cooperate with law enforcement. During this time, Cesario MORALES-PALACIO placed calls to the source of the methamphetamine, which were recorded. Cesario MORALES-PALACIO informed the source, who was later identified as Ramon HILARIO-GARCIA, that he had the money (from the purported sale of the methamphetamine). Ramon HILARIO-GARCIA told Cesario MORALES-PALACIO that he did not have anymore methamphetamine. Ramon HILARIO-GARCIA also indicated to Cesario MORALES-PALACIO that he (Ramon HILARIO-GARCIA) expected to receive $3,000 from the methamphetamine transaction. Ramon HILARIO-GARCIA and Cesario MORALES-PALACIO decided to meet at the parking lot of the Walmart located at 2300 West Atlantic Boulevard, Pompano Beach, Florida.

10. Cesario MORALES-PALACIO and Agent John Chavez from the Palm Beach County Sheriff's Office, acting in an undercover capacity, traveled in Cesario MORALES-PALACIO's vehicle to the Walmart parking lot. At approximately 6:35 p.m., Agent Chavez and Cesario MORALES-PALACIO arrived at the Walmart parking lot.

11. At approximately 6:40 p.m., Ramon HILARIO-GARCIA arrived at the Walmart parking lot. Ramon HILARIO-GARCIA met with Cesario MORALES-PALACIO and Agent Chavez. Agent Chavez asked Ramon HILARIO-GARCIA if he could get more because it looked good, and Ramon HILARIO-GARCIA said that he, Ramon HILARIO-GARCIA does not have anymore and that he could not get anymore. Shortly thereafter, the prearranged arrest signal was given and Ramon HILARIO-GARCIA was taken into custody.

12. Post-*Miranda*, Cesario MORALES-PALACIO said that on the same date, after he (Cesario MORALES-PALACIO) and Ramon HILARIO-GARCIA returned to their residences

3

from work, Cesario MORALES-PALACIO traveled to Ramon HILARIO-GARCIA's residence. Cesario MORALES-PALACIO said Ramon HILARIO-GARCIA gave him (Cesario MORALES-PALACIO) the methamphetamine contained in a plastic bag inside the cereal box. Cesario MORALES-PALACIO stated that he then traveled by himself to the residence of Lazaro MARTINEZ-ESCOLANTE and picked him up, and then traveled to Barnes and Noble to meet with the CS and your affiant. Cesario MORALES-PALACIO said Lazaro MARTINEZ-ESCOLANTE had no involvement in the drug transaction. Cesario MORALES-PALACIO also said that he was to deliver $3,000 from the sale of the methamphetamine to Ramon HILARIO-GARCIA and that he was to retain the remaining $2,000 for himself. Cesario MORALES-PALACIO said the methamphetamine's owner was Ramon HILARIO-GARCIA's brother.

13. Following Ramon HILARIO-GARCIA's arrest, he gave a post-arrest statement. Prior to any questioning, Ramon HILARIO-GARCIA was advised of his rights under *Miranda* in Spanish by Agent Chavez and DEA Special Agent Alex Pagan. Agent Chavez utilized the standard DEA Miranda card for that purpose. Ramon HILARIO-GARCIA verbally acknowledged that he understood his rights and agreed to speak with agents without an attorney being present. Ramon HILARIO-GARCIA said that his brother, who was deported to Mexico, was the owner of the methamphetamine. Ramon HILARIO-GARCIA said that his brother needed the money to try and re-enter the United States. Ramon HILARIO-GARCIA said his brother asked him (Ramon HILARIO-GARCIA) to have Cesario MORALES-PALACIO sell the methamphetamine on his behalf.

4

WHEREFORE, based on the foregoing facts and information, your affiant submits that probable cause exists to charge Ramon HILARIO-GARCIA and Cesario MORALES-PALACIO with conspiracy to possess with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

FURTHER YOUR AFFIANT SAYETH NAUGHT

Devon M. Robinson, Special Agent
Drug Enforcement Administration

Sworn to before me *via* telephone
in West Palm Beach, Florida
this 21st day of July, 2011

Linnea R. Johnson
United States Magistrate Judge

5

TOTAL P.006

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 11-8295-LRJ

### BOND RECOMMENDATION

DEFENDANT: Ramon HILARIO-GARCIA

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:

Last Known Address: _____

What Facility: Palm Beach County Jail

Agent(s): _____
(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (**OTHER**)

DEA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 11-8295-LRJ

**BOND RECOMMENDATION**

DEFENDANT: Cesario MORALES-PALACIO

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:

Last Known Address: _____

What Facility: Palm Beach County Jail

Agent(s): _____
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

DEA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.   11-8295-LRJ

UNITED STATES OF AMERICA

vs.

Ramon HILARIO-GARCIA, and
Cesario MORALES-PALACIO,

            Defendants.
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?   ____ Yes   _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?   ____ Yes   _X_ No

                    Respectfully submitted,

                    WIFREDO A. FERRER
                    UNITED STATES ATTORNEY

            BY:     _____
                    WILLIAM T. ZLOCH
                    ASSISTANT UNITED STATES ATTORNEY
                    FL Bar No. 0105619
                    500 Australian Ave., Suite 400
                    West Palm Beach, FL 33401
                    Tel: (561) 209-1022 / Fax: (561) 659-4526